David W. Fassett (DWF 1636)
ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| GREEN STRIPE, INC., t/a<br>G.S. DISTRIBUTION COMPANY<br><br>Plaintiff<br><br>v.<br><br>FOOD KING, INC.,<br>BARBARA GINSBERG,<br>MARC GINSBERG, and<br>MICHAEL GINSBERG<br><br>Defendants | Civil Action No. |

**COMPLAINT**
**(To Enforce Payment from PACA Trust)**

Plaintiff Green Stripe, Inc., t/a G.S. Distribution Company ("Plaintiff"), through the undersigned counsel, by way of Complaint against Defendants Food King, Inc. ("Food King"), Barbara Ginsberg ("Barbara"), Marc Ginsberg ("Marc"), and Michael Ginsberg ("Michael"), alleges:

JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), and 28 U.S.C. § 1331.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's claim arose in this District and Defendants' principal place of business is located in this District.

## PARTIES

3. At all relevant times, Plaintiff was a Pennsylvania corporation having its office and principal place of business located in Philadelphia, Pennsylvania; was engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce; and was a licensed dealer under PACA.

4. At all relevant times, Food King was a New Jersey corporation having a principal place of business located in Union, New Jersey; was engaged in the business of buying wholesale quantities of Produce in interstate commerce, and was licensed as a dealer under PACA.

5. Upon information and belief, at all relevant times, Barbara, Marc and Michael were dealers and commission merchants under PACA; were officers and principals of Food King who occupied positions of control over the PACA trust assets belonging to Plaintiff; and resided in New Jersey.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

7. Between November 1, 2010 and December 13, 2010, Plaintiff sold to Defendants $189,161.11 worth of goods, of which $176,007.87 was for wholesale quantities of Produce which had been moved in interstate commerce and which was accepted by Defendants ("the Accepted Produce").

8. At the time Defendants received and accepted the Accepted Produce, Plaintiff became a beneficiary in a statutory trust under PACA ("the PACA Trust"), which is designed to assure payment to Produce suppliers and which consists of all Produce or Produce-related assets,

including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

9. Plaintiff timely preserved its interests in the PACA Trust in the amount of $176,007.87 by delivering to Defendants invoices containing the requisite statutory language ("the Invoices"), and Plaintiff remains a beneficiary thereof until full payment is made for the Accepted Produce.

10. Defendants have failed and refused to pay Plaintiff any portion of the $176,007.87 due and owing for the Accepted Produce and have advised Plaintiff that they are closing all of their stores on or before December 31, 2010.

11. Defendants' failure to pay, and the imminent closing of their business operations without making payment to Plaintiff, establish that Defendants are unable to pay Plaintiff as required by PACA and have dissipated PACA Trust assets belonging to Plaintiff.

12. Defendants have violated their statutory, regulatory and contractual duties to preserve and turnover the PACA Trust assets belonging to Plaintiff by dissipating those assets.

### COUNT ONE
(Failure to Pay Trust Funds)

13. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Defendants' continuing failure and refusal to pay Plaintiff the PACA Trust funds in the principal amount of $176,007.87 violates PACA and PACA regulations.

15. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering Defendants to pay Plaintiff the principal

amount of $176,007.87 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT TWO
(Breach of Contract -- Failure to Pay For Goods Sold)

16. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Defendants' continuing failure and refusal to pay Plaintiff, any portion of the $189,161.11 due and owing for the Accepted Produce and the other items received and accepted by Defendants constitutes a material breach of the contracts between Plaintiff and Defendants.

18. As a direct and proximate result of Defendants' continuing material breaches of contracts, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the principal amount of $189,161.11 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
(Unlawful Dissipation of Trust Assets by a Corporate Official – Barbara Ginsberg)

19. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. At all relevant times, Barbara was an officer and director of Food King and caused Food King to violate its statutory duties to preserve PACA Trust assets belonging to Plaintiff and to pay Plaintiff for the Accepted Produce.

21. Barbara unlawfully dissipated PACA Trust assets belonging to Plaintiff.

22 As a direct and proximate result of Barbara's unlawful dissipation of PACA Trust assets belonging to Plaintiff, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Barbara Ginsberg for damages in the principal amount of $176,007.87 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

### COUNT FOUR
(Unlawful Dissipation of Trust Assets by a Corporate Official – Marc Ginsberg)

23. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, Marc was an officer and director of Food King and caused Food King to violate its statutory duties to preserve PACA Trust assets belonging to Plaintiff and to pay Plaintiff for the Accepted Produce.

25. Marc unlawfully dissipated PACA Trust assets belonging to Plaintiff.

26. As a direct and proximate result of Marc's unlawful dissipation of PACA Trust assets belonging to Plaintiff, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Marc Ginsberg for damages in the principal amount of $176,007.87 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

### COUNT FIVE
(Unlawful Dissipation of Trust Assets by a Corporate Official – Michael Ginsberg)

27. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, Michael was an officer and director of Food King and caused Food King to violate its statutory duties to preserve PACA Trust assets belonging to Plaintiff and to pay Plaintiff for the Accepted Produce.

29. Michael unlawfully dissipated PACA Trust assets belonging to Plaintiff.

30. As a direct and proximate result of Michael's unlawful dissipation of PACA Trust assets belonging to Plaintiff, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Michael Ginsberg for damages in the principal amount of $176,007.87 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
### (Interest and Attorneys' Fees)

31. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. PACA and Plaintiff's invoices entitle Plaintiff to recover interest and attorneys' fees in the event that Defendants violate their obligations under PACA and the Invoices by failing to pay Plaintiff for the Accepted Produce.

33. Defendants' continuing failure and refusal to pay Plaintiff the principal amount of $189,161.11 due and owing for the Accepted Produce and other items entitles Plaintiff to recover interest and attorneys' fees incurred in enforcing the PACA Trust and the Invoices.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the principal amount of $189,161.11 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
Attorneys for Plaintiff

By:   /s/ David W. Fassett

Dated: December 23, 2010

## CERTIFICATION (Local Civil Rule 11.2)

I certify that, to my knowledge, the matter in controversy is not the subject of any other pending action, arbitration or administrative proceeding.

ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
Attorneys for Plaintiff

By:    /s/ David W. Fassett

Dated: December 23, 2010