David W. Fassett (DWF 1636)
ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| GREEN STRIPE, INC., t/a<br>G.S. DISTRIBUTION COMPANY<br><br>    Plaintiff<br><br>  v.<br><br>FOOD KING, INC.,<br>BARBARA GINSBERG,<br>MARC GINSBERG, and<br>MICHAEL GINSBERG<br><br>    Defendants | Civil Action No. 10-6741 (DRD) |

**AMENDED ORDER TO SHOW CAUSE WITH
<u>TEMPORARY RESTRAINTS AND WITHOUT NOTICE</u>**

THIS MATTER having come before the Court on the application of Plaintiff Green Stripe, Inc., t/a G.S. Distribution Company ("Plaintiff") for an Amended Order to Show Cause with Temporary Restraints and without Notice; and the Court having entered an Order to Show Cause with Temporary Restraints and without Notice on December 23, 2010 ("the Original OTSC") [Doc. 3] after having reviewed the Complaint, the Memorandum of Law, the Affidavit of Jane Stewart, Plaintiff's Accounts Receivable Manager, and the Certification of Counsel submitted therewith; and for good cause shown;

IT IS on this 28th day of December, 2010,

**ORDERED** that the foregoing application be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Defendants shall show cause before this Court on Thursday, January 6, 2011 at 9:30 o'clock in the fore noon why the Court should not issue an Order under Rule 65(a) of the Federal Rules of Civil Procedure preliminarily enjoining the Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, from alienating, dissipating, paying over, or assigning any assets of Defendant Food King, Inc. ("Food King"), its subsidiaries or related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the sum of $176,007.87 by cashier's check or certified check ("the Preliminary Injunction Hearing"); and it is further

**ORDERED** that Defendants shall file and serve any papers in advance of the Preliminary Injunction Hearing by January 3, 2011; and it is further

**ORDERED** that Plaintiff shall file and serve any reply papers in advance of the Preliminary Injunction Hearing by January 5, 2011; and it is further

**ORDERED** that, pending the Preliminary Injunction Hearing, Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions be, and hereby are, **TEMPORARILY RESTRAINED AND ENJOINED**, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, from alienating, dissipating, paying over or assigning any assets of Food King its subsidiaries or related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the sum of $176,007.87, as set forth above, by cashiers' check or certified check ("the Temporary Restraints"); and it is further

**ORDERED** that no security or bond shall be required under Rule 65(c) of the Federal Rules of Civil Procedure because it appears that Defendants presently hold $176,007.87 worth of Plaintiff's assets; and it is further

**ORDERED** that Plaintiff shall serve one copy each of this Order upon Defendants by hand delivery or overnight delivery service delivered to Defendants at 1350 Galloping Hill Road, Union, New Jersey 07083 on or before _December 30_, 20_10_; and it is further

**ORDERED** that this Order shall supersede the Original OTSC.

_____
Honorable Dickinson R. Debevoise, U.S.D.J.